{¶ 32} I respectfully dissent from the majority opinion. I find Appellant "caused" the necessary notice and request for disposition to be delivered to the prosecuting attorney and the appropriate court. Appellant's written notice and request for final disposition was given or sent to the warden on or about October 20, 2007.[1] Upon Appellant doing so, R.C. 2941.401 requires the warden to then promptly forward it with the certificate to the appropriate prosecuting attorney and court. I find the act of giving or sending the written notice and request for disposition to the warden satisfies the "causes to be delivered" requirement of the statute. To rule otherwise circumvents the remedy afforded an inmate under R.C. 2941.401, by allowing the warden to ignore or delay an inmate's request for final disposition. The right of a defendant to a speedy trial should not be excused by the failure of a state agent to perform his statutory duty.
 {¶ 33} Accordingly, I respectfully dissent from the majority's conclusion the 180 day trial limit was triggered until January 17, 2008.
[1] The majority concludes, without further explanation, Appellant's notice to the warden was insufficient to invoke the statute. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant. *Page 1